```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
JESSE KNUDSEN, individually and on behalf of      :
all others similarly situated,                    :
                              Plaintiffs,         :
                                                  :       MEMORANDUM & ORDER
              -against-                           :
                                                  :       1:20-cv-02269 (ENV) (VMS)
                                                  :
CONTRACT CALLERS, INC.,                           :
                                                  :
                              Defendant.          :
----------------------------------------------------------------- x
```

VITALIANO, D.J.

On May 15, 2020, plaintiff Jesse Knudsen initiated this action, on behalf of himself and those similarly situated, against defendant Contract Callers, Inc. ("CCI") for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1962, *et seq.* ("FDCPA" or "the Act"). Plaintiff claims that CCI violated three FDCPA provisions, §§ 1692g(b), 1692e, and 1692e(10), through its use of an allegedly confusing debt collection notice. CCI now moves to dismiss of all of plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, defendant's motion is denied.

## Background[1]

Plaintiff's lawsuit concerns the substance and formatting of a debt collection letter dated October 11, 2019, that Knudsen received from CCI. Dkt. 1-1; *see also* Dkt. 1 ("Compl.") ¶¶ 27–

---

[1] When considering a motion to dismiss, a court is limited to "facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference," together with "documents upon the terms and effect of which the complaint relies heavily." *Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 379 (S.D.N.Y. 2013). All factual statements alleged in plaintiff's pleadings are taken as true and all reasonable inferences are drawn in favor of plaintiff. *Vietnam Ass'n of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008).

30. The front of the letter consists of a heading with CCI's logo, contact information, and hours of business, as well as a bill detailing a $956.51 debt owed to T-Mobile. Below the heading and bill, the first paragraph in the body of the letter consists of a single sentence stating that Knudsen's account was listed with CCI's office for collection. The second paragraph then provides the following standard disclaimer required under 15 U.S.C. § 1692g(a)(4):

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Dkt. 1-1 at 1.

Just below the disclaimer, in the middle of the first page of the letter, is a table providing three different means of payment. The first is to use CCI's website, the second is to pay by mail to "Contract Callers, Inc." at PO Box 2207, Augusta GA 30903- 2207 (the "PO Box"), and the third is to pay by MoneyGram. Each of these options is accompanied by a large icon depicting the payment method, which in the case of the mailing address is an envelope. These icons are among the most prominent features of the letter, which is otherwise occupied by text of relatively small typeface. At the bottom of the first page, beneath various disclaimers required under New York law, is a detachable pre-addressed form designed for payment. It is addressed to the same PO box as the one contained in the payment instruction portion of the letter.

In total, the letter contains two separate addresses for CCI.  The first address, located in the heading at the top-left corner of the page alongside CCI's logo and phone number, is 501 Greene Street 3rd Floor, Suite 302 Augusta, GA 30901 (the "Street Address").  The second address is the PO Box, which is printed three times on the letter: once in middle of the front page as CCI's designated payment address and twice in the detachable area designed for payments.

There is no allegation that Knudsen ever sent a dispute or request for verification to CCI.  Rather, on May 15, 2020, plaintiff sued, seeking redress for the purportedly misleading content of the letter.  Knudsen claims that the letter violated FDCPA because it contained two separate addresses, which he alleges would mislead the hypothetical "least sophisticated consumer", the target standard for the Act's protection, by creating confusion as to which of these addresses to send a written dispute, potentially leading a consumer not to dispute the debt at all.  *See* Compl. ¶¶ 57–64.

## Legal Standard

Pleading rules require a plain statement of claims and do not compel a plaintiff to supply "detailed factual allegations" in support of their claims.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007); *see also* Fed. R. Civ. P. 8(a)(2).  But the rules require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  That is, "[a] pleading that offers 'labels and conclusions' . . . will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555); *see also In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

3

To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 570). This "plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation and internal quotations omitted).

## Discussion

In order to determine whether a communication runs afoul of FDCPA, as plaintiff correctly notes, courts in the Second Circuit have developed and apply a standard reflecting the perspective of the "least sophisticated consumer." *Jacobson v. Healthcare Fin. Servs., Inc.,* 516 F.3d 85, 90 (2d Cir. 2008). The purpose of the least sophisticated consumer standard is to ensure that FDCPA protects "the gullible as well as the shrewd." *Id.* Because FDCPA is a strict liability statute, a plaintiff need not show that the debt collector intended to deceive in order to prevail on a claim that a communication is misleading. *See Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60, 63 (2d Cir.1993). However, in applying that standard, a court must be careful to preserve the concept of reasonableness, for the Act does not aid a plaintiff "whose claims are based on 'bizarre or idiosyncratic interpretations'" of the debt collection communications he receives. *Jacobson,* 516 F.3d at 90 (quoting *Clomon v. Jackson,* 988 F.2d 1314, 1320 (2d Cir.1993)). Further, "[i]t is assumed that even the least sophisticated consumer will read a debt collection letter in its entirety." *Solovyova v. United Collection Bureau, Inc.*, No. 19-CV-2995 RJD-ST, 2019 WL 7038429, at *2 (E.D.N.Y. Dec. 20, 2019) (quoting *Weber v. Computer Credit, Inc.*, 259 F.R.D. 33, 38 (E.D.N.Y. 2009)).

The alleged source of claimed consumer confusion in this case arises from the inclusion of two separate addresses in CCI's letter, typical of the kind of conduct that often ignites FDCPA

4

litigation. Plaintiff alleges that because the letter lacks adequate instructions as to how the addresses should be used, the least sophisticated consumer would likely be confused as to which address requests for verification of a debt should be sent, potentially leading the consumer not to send a request at all. Compl. ¶¶ 57– 62. While "multiple address" claims may state a cause of action under FDCPA, the mere existence of multiple addresses does not render a communication misleading "unless it is unclear which address a consumer should contact." *Paul v. Enhanced Recovery Co., LLC*, No. 19CV4664JMAAYS, 2020 WL 6746792, at *6 (E.D.N.Y. Nov. 17, 2020) (quoting *Kucur v. Fin. Recovery Servs., Inc.*, No. 19-CV-5453, 2020 WL 1821334, at *4 (E.D.N.Y. Apr. 9, 2020)). "On the other hand, a 'letter that explicitly misdirects consumers to send disputes to the wrong address is materially misleading.'" *Young Ae Kim v. Advanced Call Ctr. Techs., LLC*, No. 19-CV-4672(JS)(ST), 2020 WL 5893964, at *3 (E.D.N.Y. Oct. 5, 2020) (quoting *Kucur*, 2020 WL 1821334, at *4).

Urging dismissal of plaintiff's case, CCI argues that the correct address to send requests, the Street Address, is largest and most prominent address on the letter, accompanied not only by CCI's name and logo, but also a phone number and hours of operation. Def's Mem. at 6–7. Seeking safe harbor in the validation notice's instruction to "notify this office in writing", CCI emphasizes that it is common knowledge that an "office" refers to a street address, rather than a P.O. Box. Dkt. 14-1 ("Def's Mem.") at 8 (citing *Dorsey v. United States*, 618 F. Supp. 471, 474 (D. Md. 1985)). The inclusion of a telephone number and hours of operation below the Street Address buttresses the conclusion that it is an "office" address, CCI argues, particularly because the PO Box is never accompanied by any of this additional information. *See* Def's Mem. at 7 (citing *Saraci v. Convergent Outsourcing, LLC*, 2019 WL 1062098, *3 (E.D.N.Y. Mar. 6, 2019)). Even if the least sophisticated consumer lacked this understanding, CCI contends that

5

the letter differentiates the PO Box and the "office" by stating that, "addition to accepting payments at our P.O. Box, our office offers several convenient methods for our consumers to pay their bills." Def's Mem. at 8.

Despite CCI's best efforts to underscore the word "office" in the validation notice, its mere presence is not sufficient to ward off potential for consumer confusion. Indeed, both legal precedent and common sense dictate that an "office" could receive mail at either a PO box or a street address. *See, e.g.*, *Musarra v. Balanced Healthcare Receivables, LLC*, No. 19CV5814ARRRML, 2020 WL 1166449, at *4 (E.D.N.Y. Mar. 11, 2020) ("'This office' could refer to the physical office address at the top of the page, or either of the two [P.O. Box] addresses on the coupon."); *Saraci*, 2019 WL 1062098, at *2 ("office" mailing address was a PO box).

With the FDCPA litigation path well-tread, caselaw teaches that consumer confusion regarding multiple addresses is ameliorated when the correct address to send validation notices is "associated with the defendant's company name", while other addresses are associated with other entities or no entity at all. *Saraci* 2019 WL 1062098, at *2; *see also, e.g.*, *Young Ae Kim*, 2020 WL 5893964, at *2; *Taylor v. American Coradius Int'l, LLC*, 2020 WL 4504657, *4 (E.D.N.Y. Aug. 5, 2020); *Gansburg v. Credit Control, LLC*, No. 18-CV-5054 (FB)(ST), 2020 WL 1862928, at *1 (E.D.N.Y. Feb. 27, 2020). Here, far from providing clarity, *both* addresses are associated with CCI. In fact, the PO Box twice appears alongside CCI's name (and once without CCI's name), while the Street Address only appears once alongside CCI's name. The presence of "two addresses labeled with the debt collector's name" places CCI's letter more comfortably in the company of cases in which a sufficient likelihood of confusion was alleged to survive a motion to dismiss. *Musarra*, 2020 WL 1166449, at *1.

Further complicating the picture for CCI is the sheer prominence of the PO Box address throughout its letter. In addition to being printed three times, the PO Box is also the only address in the letter that is at all associated with sending mail to CCI. In fact, perhaps the most prominent aspect of the entire letter is the image of an envelope in the middle of the front page right next to CCI's name and the PO Box address. While it is true that the letter says to "mail payment to" this address, this language by no means excludes the mailing of other correspondence, particularly given the lack of any explicit direction as to which address correspondence should be sent.[2] The letter again associates the PO Box with sending mail to CCI in the detachable coupon that has been included to facilitate sending payments by mail. Courts have specifically noted that the risk of confusion can be reduced by providing a pre-addressed envelope to "ensure[] dispatch of the communication to the proper address." *Saraci*, 2019 WL 1062098, at *3. CCI's letter turns this notion on its head by providing a pre-addressed slip that would apparently send correspondence to the *improper* address. Consequently, then, the Court cannot hold, at the pleading stage, that the least sophisticated consumer would not be confused by the presentation of addresses in CCI's letter.

As its last line of defense, CCI argues that even if the letter would be confusing to the least sophisticated consumer, it would not be materially false or misleading. It is true that the Second Circuit has read a materiality requirement into FDCPA, making it an essential element of proof that a statement "frustrate a consumer's ability to intelligently choose his or her response."

---

[2] Letters with multiple addresses are typically found not to be confusing when they include instructions regarding where "correspondence" should be sent. *E.g.*, *Paul v. Enhanced Recovery Co., LLC*, No. 19-CV-4664-JMA-AYS, 2020 WL 6746792, at *6 (E.D.N.Y. Nov. 17, 2020). Likewise, the least sophisticated consumer would not be confused about where to send payment where a letter specifically instructs to "remit" payment to a particular address. *E.g. Leifer v. United Collection Bureau, Inc.*, No. 1:19-CV-03926-FB-LB, 2020 WL 6507325, at *3 (E.D.N.Y. Nov. 5, 2020)

7

*Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85 (2d Cir. 2018) (quotation and citations omitted). However, CCI's argument again ignores the precedential reality that the use of multiple addresses in a debt collection letter, where it could reasonably confuse the least sophisticated consumer, has consistently been found sufficiently material to survive a motion to dismiss in this Circuit. *See, e.g.*, *Musarra*, 2020 WL 1166449, at *6 (materiality of multiple addresses a "factual issue" that could not be resolved prior to discovery); *Pinyuk v. CBE Grp., Inc.*, No. 17-CV-5753 (RRM)(CLP), 2019 WL 1900985, at *7 (E.D.N.Y. Apr. 29, 2019). Indeed, in *Young Ae Kim*, which was specifically highlighted by CCI in a notice of supplemental authority, Dkt. 15-1, the court unequivocally stated that a "letter that explicitly misdirects consumers to send disputes to the wrong address is materially misleading." 2020 WL 5893964, at *3 (quoting *Kucur*, 2020 WL 1821334, at *4). Because CCI's letter can be reasonably read to do precisely this, the materiality issue it raises cannot now be resolved, and the last line of defense it has raised must await another day.

## Conclusion

For the reasons set forth above, the defendant's motion to dismiss is denied.

So Ordered.

Dated: Brooklyn, New York
      May 21, 2021

                              */s/ Eric N. Vitaliano*
                              ERIC N. VITALIANO
                              United States District Judge